UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOREY JOHNSON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:20-cv-1055 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Torey Johnson filed this lawsuit seeking judicial review of the final decision of the Commissioner of Social Security denying benefits. The Magistrate Judge filed a report recommending the Court affirm the Commissioner's decision. (ECF No. 19). Plaintiff filed objections. (ECF No. 20.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The objection must ordinarily identify some finding of fact (or omission) or conclusion of law in the R&R in order to focus the district court's attention on the issue. The absence of specific objections means that the "both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather

than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

1. Plaintiff incorporates the arguments raised in initial briefs. Plaintiff has not made a proper objection. *See Howard*, 932 F.2d at 509. Plaintiff does not identify any particular finding of fact or conclusion of law in the R&R and, therefore, this argument functions as a general rather than a specific objection. *See Deters v. Hammer*, 568 F. Supp.3d 883, 887 (S.D. Ohio 2021); *Cline v. City of Mansfield*, 745 F. Supp. 2d 773, 787 (N.D. Ohio 2010); *Smith v. Konteh*, No. 1:05cv494, 2009 WL 799095, at *2 (W.D. Mich. Mar. 23, 2009).

2. Plaintiff objects to the Magistrate Judge's resolution of Plaintiff's argument that the ALJ ignored or failed to give sufficient weight to evidence of Plaintiff's impairments. Plaintiff sets forth this argument on pages 2-4 (PageID.444-45).[1]

First, Plaintiff contends the Administrative Law Judge (ALJ) ignored the findings made in a state court order that required year-long treatment beginning with 60-90 days of inpatient treatment. The Court overrules Plaintiff's objection. Plaintiff simply reiterates the same argument he made in the initial brief. (Compare ECF No. 17 Brief PageID.405-06 to ECF No. 20 Objection PageID.444-45.) As the Commissioner points out, the Social Security Agency is not bound by the decision of the state court. *See* 20 C.F.R. § 404.1504 (stating, in part, that "we will not provide any analysis in our determination or decision about a decision made by any other governmental agency . . . about whether you are disabled,

---

[1] Plaintiff has numbered his objections. Plaintiff has used the number 2 twice—first on page 2 (PageID.444) and then again on page 3 (PageID.445). In both sections with the number 2, Plaintiff raises concerns about the ALJ's weighing of evidence.

blind, employable, or entitled to any benefits."). The regulations state that such evidence is "inherently neither valuable nor persuasive" and, as a result, the Commissioner will "not provide any analysis about how we considered such evidence in our determination or decision, . . . ." 20 C.F.R. 404.1520b(c). To the extent the ALJ failed to address the court order, the ALJ simply followed the relevant regulations. In addition, in this objection, Plaintiff has not identified any error in the R&R. The Magistrate Judge discussed the court order on pages 8 and 9 of the R&R. The Magistrate Judge notes that following the treatment, Plaintiff's condition and functioning improved between the end of October 2018 and December 2019 (R&R at 6-7 PageID.433-34.) The ALJ functionally made the same observation by discussing Plaintiff's improvement as reflected in the Community Mental Health reports following the court-ordered treatment.

Second, Plaintiff contends that in January 2020, his treater concluded Plaintiff was unemployable. Plaintiff argues that the ALJ must weigh all the existing evidence. The Court overrules Plaintiff's objection. The treater's opinion concerning Plaintiff's ability to work was not entitled to any weight or even any discussion in the ALJ's decision. *See* 20 C.F.R. 404.1520b(c)(3); *Crisp v. Sec'y of Health and Human Servs.*, 790 F.2d 450, 452 (6th Cir. 1985). Although the ALJ did not explicitly identify the state court order or the treater's conclusion, the ALJ did include a statement that he could not consider that type of evidence under the various regulations. (ECF No. 11-2 PageID.59.)

3. Plaintiff asserts that the ALJ's determination of residual functional capacity (RFC) was not supported by substantial evidence. Plaintiff argues that the vocational expert was not

asked about and did not consider the symptoms associated with Plaintiff's diagnoses, in particular Plaintiff's paranoia.

The Court overrules Plaintiff's objection. Again, Plaintiff does not identify an error in the R&R. The vocational expert was not asked to consider the symptom's associated with Plaintiff's diagnoses because the ALJ concluded that Plaintiff had not met his burden to show that he satisfied the requirement of a listed impairment (Listing 12.03) concerning the schizophrenia spectrum and other psychotic disorders. This objection confuses Plaintiff's burden through Step 4 and the Commissioner's burden at Step 5.

4. Plaintiff argues the Magistrate Judge ignored that the ALJ did not address the specific listing (Section 12.03) pertaining to the medical condition suffered by Plaintiff (paranoia). Plaintiff reasons the ALJ erred because he did not include the limitation in the list of impairments.

The Court overrules Plaintiff's objection. The Magistrate Judge discusses this particular issue in pages 9 through 11 of the R&R (PageID.436-38.) Plaintiff does not identify any error in a finding of fact or conclusion of law in this section of the R&R. The Magistrate Judge acknowledged that the ALJ did not specifically address Section 12.03. The Magistrate Judge then wrote the following: "the ALJ nevertheless specifically evaluated whether Plaintiff satisfied the requirements in section (1) or (2) above as such are part of the assessment of Section 12.04." (R&R PageID.438.) Put another way, if Plaintiff did not meet his burden under Section 12.04, Plaintiff also did not meet his burden under Section 12.03. Any oversight by the ALJ was harmless.

5. Plaintiff argues that the state court concluded that he is not capable of self care. Plaintiff argues that this evidence to support that conclusion was not considered by the ALJ, the Commissioner and the Magistrate Judge.

This is not a proper objection. Plaintiff made this same argument—word for word—in his initial brief. (Compare Brief PageID.407 to Objection PageID.447.) Plaintiff does not connect this argument with any erroneous finding of fact or conclusion of law in the R&R. The Magistrate Judge addressed this particular concern already. Plaintiff's evidence might provide support for one of the four areas of mental functioning for Section 12.03, (1)(d) adapt or manage oneself. (*See* R&R PageID.437.) But to satisfy subsection (1), Plaintiff must provide evidence of an extreme or marked limitation in two areas of mental functioning. (*Id.*) The ALJ found that Plaintiff's limitation was only moderate. (*Id.* PageID.438.)

6. For this objection, Plaintiff simply "cuts and pastes" a portion of his initial brief. (Compare Brief PageID.408 to Objection PageID.447-48.) This is not a proper objection, Plaintiff does not connect this argument with any purported error in the R&R.

7. For this final objection, Plaintiff again simply cuts and pastes a portion of his initial brief and adds a single sentence at the end. (Compare Brief PageID.406 to Objection PageID.448-49.) This is not a proper objection. Plaintiff again does not identify any purported error in the R&R, instead he finds fault with the ALJ.

Having considered and rejected Plaintiff's objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 19) as its Opinion. The Court **AFFIRMS** the Commissioner's decision. **IT IS SO ORDERED.**

Date:     September 23, 2022                                         /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge